IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY A. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-03133-SRB |
| ) | |
| U.S. CONGRESS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Plaintiff Jeffrey A. White's ("Plaintiff") *pro se* Application for Leave to File Action Without Payment of Fees with Affidavit of Financial Status in Support. (Doc. #1.) Upon review, the motion is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(1), this Court may authorize the commencement of any suit without prepayment of fees when an applicant files an affidavit indicating that he is unable to pay the costs of the lawsuit. Generally, this showing of poverty is satisfied if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948). Upon review of Plaintiff's Affidavit of Financial Status (Doc. #1-1), the Court finds Plaintiff has satisfied this requirement.

Pursuant to § 1915(e)(2), the Court is also required to conduct an initial review of a complaint to be filed *in forma pauperis*. In relevant part, the statute provides that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Upon review, Plaintiff's complaint alleges that the United States Congress violated his constitutional rights by "during primary elections forc[ing Plaintiff] to choose a party [and] only allow [Plaintiff] to vote for [a] person in that party." (Doc. #1-2, p. 4.) Plaintiff also alleges that the United States Congress "fail[ed] to block laws restricting [Plaintiff's] voting privil[e]ge." (Doc. #1-2, p. 5.) Plaintiff alleges no facts or law supporting his claims. The Court construes Plaintiff's complaint as referring to the Missouri's presidential primary election laws and asserting a claim under 29 U.S.C. § 1983 for violation of his constitutional rights.

The Court finds that Plaintiff fails to state a claim upon which relief may be granted. First, Missouri's election scheme has already been deemed constitutional. *See Libertarian Party v. Bond*, 764 F.3d 538, 542 (8th Cir. 1985) (citation omitted) ("[I]ndividuals who are not satisfied with the candidates of the major parties may associate politically and have their votes counted for their nominee by pursuing one of three options: forming a new political party, obtaining a place on the ballot for their nominee as an independent candidate, or voting for their candidate through write-in votes."); *see also Lindstedt v. Baum*, 141 F.3d 1169 (8th Cir. 1998) ("Examining the Missouri election scheme as a whole . . . we see no basis for concluding that its provisions are unconstitutional under the facts of this case[.]") (collecting cases). Second, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citation omitted). Plaintiff does not allege facts indicating that the United States Congress has waived immunity or otherwise consented to be sued. For these reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Accordingly, it is hereby **ORDERED** that Plaintiff's *pro se* Application for Leave to File Action Without Payment of Fees with Affidavit of Financial Status in Support (Doc. #1) is DENIED.

**IT IS SO ORDERED.**

Dated: May 23, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE