IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-03133-SRB |
| | ) | |
| U.S. CONGRESS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Jeffrey A. White's ("Plaintiff") *pro se* filing titled "First Reply." (Doc. #3.) On May 20, 2022, Plaintiff filed a *pro se* motion for leave to proceed *in forma pauperis*. On May 23, 2022, the Court denied Plaintiff's motion because Plaintiff failed to state a cognizable claim. *See* 28 U.S.C. §1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted.") In the instant filing, Plaintiff argues the Court's prior order denying Plaintiff's motion to proceed *in forma pauperis* is legally incorrect. The Court construes the filing as a motion for reconsideration of the Court's denial of Plaintiff's *pro se* motion to proceed *in forma pauperis* (Doc. #1). Upon review, the motion is DENIED.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a previous judgment, if done within a specified time frame. District courts have "broad discretion" when considering a Rule 59(e) motion. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions "'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.'" *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 714 (8th Cir. 2011) (quoting *Lowry v. Watson Chapel Sch. Dist.*, 540

F.3d 752, 761 (8th Cir. 2008)); *see Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (recognizing "such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment") (citations omitted).

Plaintiff argues that the Court committed an error of law in denying his motion to proceed *in forma pauperis* for failure to state a claim. Plaintiff argues that the partisan restrictions of primary elections violate his constitutional rights by "restricting [his] ability to vote for someone in any party other than the one on the ballot [he] ha[s] chosen." (Doc. #3, p. 1.) Plaintiff is correct in that Missouri law restricts voting in primary elections to the candidates of one party: "In each primary election, each voter shall be entitled to receive the ballot of one and only one political party, designated by the voter before receiving his ballot." Mo. Rev. Stat. § 115.397. However, the Court disagrees that the restrictions of primary elections violate Plaintiff's constitutional rights. *See State ex rel. Kirkpatrick v. Bd. of Elec. Comm'rs of St. Louis Cty.*, 686 S.W.2d 888, 894 (Mo. Ct. App. 1985) (holding that it is permissible to require a primary election ballot to contain the candidates of only one political party). "A primary election is only a nominating device[.]" *Preisler v. City of St. Louis*, 322 S.W.2d 748, 751 (Mo. 1959).

Additionally, Plaintiff argues that his inability to write-in a candidate at the primary election violates his constitutional rights. *See* Mo. Rev. Stat. § 115.393(3) ("no write-in lines shall appear under the name of any office for which a candidate is to be nominated at the primary."). However, the Court finds that Plaintiff has not pled a cognizable claim because voters are entitled to write-in candidates at the general election. *See Preisler*, 322 S.W.2d at 751 ("[A] primary election is simply one method used to select nominees who, in turn, are the candidates at an ensuing general election."). A candidate who "is not nominated at a primary election may file a declaration

of intent to be a write-in candidate for the same office at the general election."  Mo. Rev. Stat. § 115.453.4.  As Plaintiff fails to state a cognizable claim, the Court did not commit an error of law in denying Plaintiff leave to proceed *in forma pauperis*.[1]

Accordingly, Plaintiff's motion for reconsideration (Doc. #3) is DENIED and this case is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated:  June 6, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address Plaintiff's arguments regarding the named Defendant "U.S. Congress."